IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NELSON ROLON,<br><br>Plaintiff,<br><br>v.<br><br>LACKAWANNA COUNTY, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:13-CV-1581<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendant Lackawanna County ("County")'s Motion to Dismiss Amended Complaint or in the Alternative, To Stay Proceedings (Doc. 19). For the reasons set forth below, the County's motion will be denied.

## BACKGROUND

Plaintiff Nelson Rolon ("Plaintiff") filed an Amended Complaint ("Am. Compl.," Doc. 17) on August 8, 2013. The following facts are set forth in the Amended Complaint:

Plaintiff was an employee of Lackawanna County. (Am. Compl. ¶ 1.) In Count I, alleging violations of the Fair Labor Standards Act (FLSA), Pennsylvania Wage Payment and Collection Law (WPCL), and Pennsylvania Minimum Wage Act (MWA), Plaintiff claims that in 2010 Plaintiff was employed as a Processing Agent and Deputy and that starting in late 2010-2011 Plaintiff worked over 40 hours in a work week for the County yet the County failed to pay him time and a half as required by law. *Id.* at ¶¶ 11-12. Specifically, Plaintiff estimates that he worked approximated 24 hours weekly for which he should have been paid overtime for the dates alleged. *Id.* at ¶ 14. The County continues to refuse to pay Plaintiff his earned overtime pay. *Id.* at ¶ 17. In Count II, Plaintiff alleges that pursuant to the Collective Bargaining Agreement ("CBA"), the County was required to comply with wage and hour laws. *Id.* at ¶ 21. Plaintiff filed a grievance over failure to be properly paid for overtime wages and the County denied that grievance. *Id.* at ¶¶ 22-23. In Count III, Plaintiff alleges that Defendant Lackawanna County Sheriff's Association ("Sheriff's Association") "discriminatorily," arbitrarily, and in bad faith refused to process his meritorious grievance in violation of its duty of fair representation. *Id.* at ¶¶ 26-29. The Sheriff's Association did not process the grievance according to its own

by-laws and helped another member while refusing to represent Plaintiff. *Id.* at ¶¶ 36-37. The County conspired with the Sheriff's Association to refuse to process Plaintiff's grievance which "lulled" Plaintiff into believing that the Sheriff's Association "had his best interests at heart." *Id.* at ¶ 37.

The County filed this motion to dismiss the Amended Complaint or in the alternative, to stay proceedings on August 27, 2013 (Doc. 19). The Sheriff's association did not file a motion to dismiss and has not answered the Amended Complaint. The County's motion has been fully briefed and is now ripe for review.

## DISCUSSION

### I.  Motion to Dismiss Under 12(b)(1)

The County first argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to exhaust administrative remedies under the Collective Bargaining Agreement ("CBA"). Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

When a Rule 12(b)(1) motion argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside the court's jurisdiction, this presents a "factual" attack on the court's jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891; *see also U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d. Cir. 2007).

The County argues that "[u]nion-represented employees may not independently

2

proceed directly to Federal Court with an FLSA claim where the claim rests on the interpretation of a provision of a collective bargaining agreement." (Doc. 19, ¶14.) Specifically, the County argues that a CBA exists between itself and the Deputy Sheriffs employed by the County, which covers full and part-time employees at the Sheriff's Department and that Plaintiff is such an employee. *Id.* at ¶16. Because wages are detailed in that CBA, the County argues that Plaintiff "cannot pursue this claim until he exhausts his administrative remedies pursuant to Article XXIV of the CBA."[1] *Id.* at ¶¶ 17-19.

As an initial matter, the County fails to identify any "mandatory grievance and arbitration procedures" in the CBA. *Id.* at ¶ 10. Looking to the CBA for the period of January 1, 2006 through December 31, 2009, Article XXIV, titled "Grievance Procedures" states that "[i]t is the policy of the County to encourage a harmonious and cooperative relationship between its employees and to resolve employee grievances in accordance with fair and orderly procedures." (Doc. 10, Ex. "A," 36.) This Article defines a grievance as "a dispute concerning the interpretation, application or alleged violation of a specific term or provision of this Agreement" and proceeds to set forth the procedure for pursuing a grievance. *Id.* The County also contends that the "CBA between the parties establishes a mandatory grievance and arbitration procedure in Article XXIII." (Doc. 19, ¶ 20.) Article XXIII of the CBA for the period of January 1, 2006 through December 31, 2009 addresses "Discipline" and merely states that "the ability to grieve and/or arbitrate disciplinary matters shall be subject to the statutory authority given to the Sheriff, consistent with controlling case law." (Doc. 10, Ex. "A," 35.) Therefore, although the County states that Plaintiffs must exhaust grievance and arbitration procedures before proceeding with an FLSA lawsuit, it is not clear that the CBA provides as much.

However, even if the CBA contained a broad provision requiring the parties to submit to arbitration any dispute involving the application, implementation, or interpretation of any provision of the CBA, the ultimate question of whether Plaintiff can bring a claim for violation of his rights under the FLSA depends on whether resolution of

---

[1] Because the County's arguments focus solely on Plaintiff's FLSA claim, the County's motion to dismiss pursuant to 12(b)(1) is construed as applying to this claim only.

the claim requires the interpretation of a disputed provision of the CBA. *See, e.g. Bell v. Southeastern Pennsylvania Transp. Auth.*, 733 F.3d 490, 493 (3d. Cir. 2013)("[I]f a FLSA claim depends on the disputed interpretation of a CBA provision, an employee must first go to arbitration—through the representative union—before vindicating his or her rights in federal court under the FLSA."); *See also Vadino v. A. Valley Engineers*, 903 F.2d 253, 266 (3d. Cir. 1990)(FLSA claims "which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the L[abor] M[anagement] R[elations] A[ct], specifically grievance, arbitration, and, when permissible, suit in federal court under section 301."). Where plaintiffs "rely solely on their statutory, rather than their contractual, rights to recovery, district courts have had no difficulty concluding that such plaintiffs may proceed on their FLSA claims without first seeking arbitration." *Bell*, 733 F.3d 490, 496 (3d. Cir. 2013). *See also Gallagher v. Lackawanna Cnty.*, No. 07-cv-0912, 2008 WL 9375549, at *1 (M.D. Pa. May 30, 2008)(denying motion to dismiss where plaintiffs argued that their lawsuit arose from defendant's violation of federal law unrelated to a possible breach of the CBA, and that the CBA did not bar them from filing a lawsuit directly in federal court); *Moeck v. Gray Supply Corp.*, No. 03–1950, 2006 WL 42368, at *3 (D.N.J. Jan. 6, 2006) (denying motion to dismiss where "[p]laintiffs' claims are not based on an interpretation of the collective bargaining agreement with respect to the appropriate wage rate, but are based on their contention that they are entitled to overtime" under the FLSA).

    Here, relying heavily on *Vadino*, the County argues that Plaintiff's FLSA claim concerns wages, addressed in Article XII of the CBA, and that Plaintiff must therefore exhaust the grievance procedures outlined in the CBA before proceeding with his FLSA claim. In *Vadino,* the plaintiff's chief complaint was that he was paid a lower hourly rate than that of a journeyman pursuant to the CBA despite the fact that his union card designated him as a "journeyman." *Vadino*, 903 F.2d at 256. In bringing a FLSA claim, the plaintiff in *Vadino* acknowledged that his employer did pay him one and a half times his normal rate of pay for the hours he worked in excess of forty a week, but he maintained that his "regular rate" of pay under the FLSA should have been the wage he believed he was entitled to as a "journeyman" under the CBA, and not the lower rate he actually received. *Id.* at 264. Therefore, the phrase "resting on interpretations" of the

CBA in *Vadino* referred to the determination of whether the plaintiff was compensated with the appropriate wage rate pursuant to the CBA. In the instant case, while Article XII does set forth wage rates and scheduled increases for different employee classifications with the County, unlike the plaintiff in *Vadino*, Plaintiff here does not dispute the wage rate he received pursuant to the CBA. Instead, he claims that he worked over forty hours in a work week for the County and that he was not paid time and a half for such work. Therefore, while the plaintiff's claim in *Vadino* required "an interpretation of what rate of pay is required under the collective bargaining agreement," Plaintiff's FLSA claim here does not. *Vadino*, 903 F.2d at 265.

The Third Circuit Court of Appeals recently clarified the meaning of a "disputed interpretation of a CBA provision" in *Bell v. Souteastern Pennsylvania Transportation Authority*. In *Bell*, Southeastern Pennsylvania Transportation Authority (SEPTA) bus drivers and trolley operators (collectively, "Operators") brought a FLSA action to recover unpaid wages and overtime compensation for work performed during pre-trip inspections prior to each daily run. *Bell*, 733 F.3d at 491. The District Court granted SEPTA's motion to dismiss on the ground that the FLSA claim required the interpretation of provisions of CBAs between SEPTA and unions representing the employees, and that the employees claims were therefore subject to the grievance and arbitration provisions of those agreements. *Id.* at 491. The Court of Appeals vacated the District Court's decision granting SEPTA's motion to dismiss, concluding that "resolution of the FLSA claim requires a factual determination of the amount of time Operators are required to work prior to their scheduled start, and a legal determination regarding whether this time is (1) compensable and (2) subject to the overtime provisions of the FLSA." *Id.* at 496. The Court of Appeals noted that "[t]his is in stark contrast to *Vadino*, where the very existence of the plaintiff's overtime FLSA claim was 'consequential' to the wage dispute under the collective bargaining agreement." *Id.* at 496 (citing *Vadino*, 903 F.2d at 266). Here, like the Operators in *Bell*, resolution of Plaintiff's FLSA claim requires a factual determination of the amount of time he worked and a legal determination regarding whether such time is compensable and subject to the overtime provisions of the FLSA. Because Plaintiff's FLSA claim does not depend on an interpretation of a disputed CBA provision, the County's motion to dismiss based on lack of subject matter jurisdiction under 12(b)(1) will

5

be denied.

## II.     Motion to Dismiss Under 12(b)(6)

The County argues that "[w]hat is alleged in the Amended Complaint, without more is not a violation of the FLSA because of the lack of factual specificity and the contractual terms are missing which are required for a proper analysis of this claim."[2] (Doc. 19, ¶ 30.) Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his or her claims. See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. See id. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1)

---

[2]     Again, because the County's arguments focus solely on Plaintiff's FLSA claim, the County's motion to dismiss pursuant to 12(b)(6) is construed as applying to this claim only.

6

identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

In support of its motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the County argues that the Amended Complaint "is wholly silent as to the actual wages of the Plaintiff and the authority upon which he rests his assertion that he should be entitled to be paid at a greater wage for hours worked in excess of forty hours." (Doc 19, ¶ 29.) Other courts have observed that "'the requirements to state a claim of a FLSA

7

violation are quite straightforward,' and merely require the plaintiff to show 'a failure to pay overtime compensation and/or minimum wages to covered employees.'" *Juan Su v. Guang Yang Li,* No. 10-5268, 2011 WL 3329882, at *5 (D.N.J. Aug. 1, 2011)(citing *Sec'y of Labor v. Labbe,* 319 F. App'x. 761, 763 (11th Cir. 2008)). Here, Plaintiff has done just that and therefore has stated a FLSA claim. As such, the County's motion to dismiss Plaintiff's FLSA claim pursuant to 12(b)(6) will be denied.

### III.     Motion to Stay Pursuant to 9 U.S.C. § 3

In the alternative to its motion to dismiss, the County moves to stay the action pursuant to 9 U.S.C. § 3. Section 3 of the Federal Arbitration Act ("FAA"), provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Courts within this Circuit have found that "[w]hen confronted with a motion to stay proceedings pursuant to 9 U.S.C. § 3, the appropriate standard of review for the district court is that employed in evaluating motions for summary judgment under Federal Rule of Civil Procedure 56(c)." *Choice v. Option One Mortgage Corp.,* No. 02-6626, 2003 WL 22097455, at *3 (E.D. Pa. May 13, 2003)(citing *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 n. 9 (3d Cir.1980)("Application of [the summary judgment] standard to [arbitration determinations] is appropriate inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.").

The County contends that "FLSA actions may be compelled to proceed in arbitration" and therefore that the instant lawsuit should be resolved pursuant to the "agreed-upon procedures set forth in the CBA, and should be stayed until such time as those procedures are resolved." (Doc. 19, ¶¶ 26-28.) Although the County contends that "the CBA between the parties establishes a mandatory grievance and arbitration procedure in Article XXIII," (Doc. 19, ¶ 20), as noted above, the text of Article XXIII, regarding "Discipline," merely states that "the ability to grieve and/or arbitrate disciplinary

8

matters shall be subject to the statutory authority given to the Sheriff, consistent with controlling case law." (Doc. 10, Ex. A, 35.) Although courts have found that "agreements to arbitrate FLSA claims are enforceable pursuant to the FAA," *Giordano v. Pep Boys-- Manny, Moe & Jack, Inc.*, No. 99-1281, 2001 WL 484360, at *4 (E.D. Pa. Mar. 29, 2001), the County fails to identify any such agreement in the present case.[3] Therefore, because the County has failed to sufficiently establish an agreement to arbitrate, the Court will deny the motion to stay.

## CONCLUSION

For the reasons set forth above, the County's Motion to Dismiss Amended Complaint or in the Alternative, to Stay Proceedings will be denied.

An appropriate order follows.

February 19, 2014
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[3] While the County relies solely on cases addressing whether parties can be compelled to arbitrate FLSA claims under the FAA, the County argues that the instant case has already been submitted to arbitration. When asked to describe the precise dispute presented for decision before the arbitrator, the County explained that the issue was "[d]id the County violate the CBA by failing to aggregate all hours worked for the County in computing overtime?" (Doc. 23, 3). It is not clear to the Court how the resolution of this dispute would impact Plaintiff's instant FLSA action or justify staying the proceedings.

9